UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEZINA W., | Case No. 4:24-cv-08330-KAW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING CASE FOR AN AWARD OF BENEFITS** |
| v. | |
| MARTIN J. O'MALLEY, et al., | |
| Defendants. | Re: Dkt. Nos. 17, 30 |

Plaintiff Rosezina W. seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for payment of benefits.

Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment, and remands the case for an award of benefits.

## I. BACKGROUND

Plaintiff previously received Title XVI benefits, but the Title XVI benefits were discontinued following an unfavorable hearing decision on March 24, 2014. (Administrative Record, "AR" 88.) Subsequently, Plaintiff filed applications for Title II and Title XVI benefits on November 4, 2014, alleging disability beginning June 1, 2011. (AR 292, 296.) The claims were denied initially on August 3, 2015, and upon reconsideration on February 4, 2016. (AR-137, 177.) Thereafter, Plaintiff request a hearing which was held on January 11, 2018, before Administrative Law Judge ("ALJ") Arthur Zeidman. (AR 40.) The ALJ issued an unfavorable decision on February 26, 2018. (AR 16-39.)

Plaintiff requested review of the ALJ's decision on April 23, 2018, and the request was denied by the Appeals Council on February 4, 2019. AR-5. Plaintiff subsequently commenced an action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). On November 20, 2020, the undersigned ordered that the case be remanded to the Commissioner for further proceedings. *Williams v. Comm'r of Soc. Sec.*, No. 4:19-CV-01145- KAW, 2020 WL 13850719, at *1 (N.D. Cal. Nov. 20, 2020).

Remand hearings were held before ALJ David LaBarre on September 12, 2023, and June 5, 2024. AR 1528. At the June 5, 2024 hearing, Plaintiff amended her alleged onset date of disability to March 25, 2014. AR 1529. ALJ LaBarre issued a partially favorable decision on July 25, 2024, finding Plaintiff disabled as of October 1, 2022, as Plaintiff was an individual of advanced age. AR 1550. ALJ LaBarre found that Plaintiff had the following severe impairments: lumbar and cervical degenerative disc disease, urinary incontinence, morbid obesity, asthma, diabetes mellitus Type 2, an unspecified neurodevelopmental disorder, major depressive disorder, and post-traumatic stress disorder ("PTSD"). AR 1532.

On November 22, 2024, Plaintiff filed a second action for judicial review. (Compl., Dkt. No. 1.) Since Plaintiff earned income at substantial gainful activity ("SGA") levels from January 1, 2020, through September 30, 2022, this appeal relates only to the time period between Plaintiff's amended alleged onset date of March 25, 2014 through December 31, 2019. (Pl.'s Mot., Dkt. No. 17 at 2.)

On September 2, 2025, Plaintiff filed her opening brief. (Pl.'s Mot., Dkt. No. 17.) On December 18, 2025, the Commissioner filed a cross-motion and opposition. (Def.'s Opp'n, Dkt. No. 30.) On January 2, 2026, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 31.)

## II.    LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to

2

United States District Court
Northern District of California

support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld."  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation.  *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).  At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity.  *Id.*  If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b).  At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c).  *Reddick*, 157 F.3d 715 at 721.  If the answer is no, the claimant is not disabled. *Id.*  If the answer is yes, the Commissioner proceeds to step three and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d).  If this requirement is met, the claimant is disabled.  *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f).  RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy.  *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

3

**III.    DISCUSSION**

The Commissioner concedes that remand is appropriate. (Def.'s Opp'n at 3.)  Thus, the only remaining issue to be decided is whether the case should be remanded for further proceedings or for an immediate award of benefits. (Pl's Mot. at 22; Def.'s Opp'n at 3; Pl.'s Reply at 1.) Again, the relevant time period regarding this appeal is March 25, 2014 through December 31, 2019. (Pl.'s Mot., Dkt. No. 17 at 2.)

**A.    The ALJ erred in weighing the medical evidence.**

The opinions of treating medical sources may be rejected only for clear and convincing reasons if not contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the record contains conflicting medical evidence, the ALJ must make a credibility determination and resolve the conflict. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence...." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues that the ALJ erred in assigning only partial and limited weight to the medical opinions of Drs. Arpaci and San Pedro, even though the only contradicting opinion was that of Dr. Acenas, to whom the ALJ afforded no weight. (Pl.'s Mot. at 16 (citing AR 1539-40).) In fact, these were the only three psychological evaluations in the record during the relevant time period, and the Acenas report, to which the ALJ afforded no weight, was the only report that found no limitations of any kind. AR 1540.

In opposition, the Commissioner concedes that the ALJ erred in weighing the medical evidence pertaining to Plaintiff's mental limitations, but it did not meaningfully address whether the opinions should be credited as true. (*See* Def.'s Opp'n at 3-4.)

**i.    The Opinions of Drs. Arpaci and San Pedro**

On June 5, 2015, state agency examining psychologist, C. Arpaci, PsyD, conducted a comprehensive mental status evaluation, and diagnosed Plaintiff with persistent depressive disorder. AR 1080- 1084.  Dr. Arpaci opined that Plaintiff would be mildly impaired in the ability

to perform simple and repetitive tasks; markedly impaired in the ability to perform detailed and complex tasks; markedly impaired in the ability to perform work activities on a consistent basis without special or additional instructions; moderately impaired in the ability to maintain regular attendance in the workplace; moderately impaired in the ability to complete a normal workday/workweek without interruptions from a psychiatric condition; and moderately impaired in the ability to deal with stress in the workplace. AR 1083-84.

On July 11, 2017, examining psychologist, Lara San Pedro, PsyD, administered eight different psychodiagnostic procedures, including the clinical interview; quality of life questionnaire; Mini Mental State Examination; Weschler Adult Intelligence Scale; Wide Range Assessment of Memory and Learning; Beck Depression Inventory; Beck Anxiety Inventory; and the Amen Brain System Checklist. AR 1340-1348. Dr. San Pedro diagnosed Plaintiff with PTSD, major depressive disorder, generalized anxiety disorder, unspecified neurocognitive disorder, and depressive personality disorder. AR 1346-47.  Dr. San Pedro opined that Plaintiff would have mild limitations in the ability to understand, remember and carry out detailed instructions; mild limitation in the ability to maintain attention and concentration for two-hour segments; moderate to marked limitation in the ability to perform at a consistent pace without an unreasonable number and length of rest periods; marked limitation in the ability to get along and work with others; marked limitation in the ability to interact appropriately with the general public; moderate to marked limitation in the ability to accept instructions and respond appropriately to criticism from supervisors; marked limitation in the ability to respond appropriately to changes in a routine work setting and deal with normal work stressors; marked to extreme limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and a mild to moderate limitation in the ability to maintain regular attendance and be punctual within customary, usually strict tolerances. AR 1348.

In light of the absence of contradicting opinions, Plaintiff argues that the ALJ's claim that the psychological opinion evidence showed "vastly different" results is only true with respect to the discredited Acenas opinion. (Pl.'s Mot. at 13.)  The Commissioner concedes this point. (Def.'s Opp'n at 3.)

For claims filed before March 27, 2017, the ALJ's failure to provide adequate reasons for rejecting the medical opinions requires that those opinions be accepted as true. *Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir. 1989)); *Pierce v. Astrue*, 382 F. App'x 618, 619-20 (9th Cir. 2010) (reversed district court order affirming ALJ's decision that provided no explanation for why he rejected an examining physician's findings).  Here, the ALJ provided no valid reason for rejecting the Arpaci and San Pedro opinions when, in fact, the only contradicting report was discredited entirely. *See* AR 1540.  Thus, given the ALJ's failure to cite to any medical evidence during the relevant time period to support the limited weight afforded to the opinions of Drs. Arpaci and San Pedro, the Court finds that the ALJ failed to provide "'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (citation omitted). Thus, their medical opinions must be credited as true.

While not entirely consistent, the ALJ found that Plaintiff's severe impairments included an unspecified neurodevelopmental disorder, major depressive disorder, and PTSD, which are three of the five diagnoses identified by Dr. San Pedro. *See* AR 1532.  Furthermore, the Court notes that the state agency consultants both opined that Plaintiff would be moderately limited in her ability to maintain regular attendance, while also being moderately limited in her ability to complete a normal workday/workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 133, 154.  That there is evidence in the record that could justify a rejection of the credited-as-true medical opinions is immaterial. *See Harman v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000) (physician's opinion to be accepted as true even if there was evidence that could have been used to reject it).  While the Court is not required to consider this evidence, the Court finds that it is generally consistent with the opinions of Drs. Arpaci and San Pedro, which further supports crediting the opinions as true.

Accordingly, the Court credits the opinions of Drs. Arpaci and San Pedro as true.

### B.    Remand for Award of Benefits

Plaintiff was already found to be disabled as of October 1, 2022, and, in light of her SGA

from January 1, 2020 through September 30, 2022, this appeal is limited to the relevant time period of March 25, 2014 through December 31, 2019.

A district court may affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)) (emphasis omitted). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). On the other hand, the court may remand for award of benefits under the "credit as true" rule where: (1) "the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion;" (2) "there are [no] outstanding issues that must be resolved before a disability determination can be made" and "further administrative proceedings would [not] be useful;" and (3) "on the record taken as a whole, there is no doubt as to disability." *Leon v. Berryhill*, 880 F.3d 1041,1045 (9th Cir. 2017) (citations and internal quotation marks omitted); *see also Garrison*, 759 F.3d at 1021 (holding that a district court abused its discretion in declining to apply the "credit as true" rule to an appropriate case). The "credit-as-true" rule does not apply "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," *Garrison*, 759 F.3d at 1021, or when "there is a need to resolve conflicts and ambiguities." *Treichler*, 775 F.3d at 1101.

Plaintiff argues that an award for benefits is warranted for multiple reasons: 1) her physical impairments meet the criteria of Listing 1.15 at step 3; 2) if the court credits either Drs. Arpaci and San Pedro's opinions; or 3) credits Plaintiff's testimony. (Pl.'s Reply at 1-3.) The Commissioner, however, contends that remand for further proceedings is appropriate to consider the limitations opined by Drs. Arpaci and San Pedro, as well as because the record "casts doubt over Plaintiff's claims that disability is the correct outcome in this case." (Def.'s Opp'n at 4.)  The Court disagrees and awards benefits under the credit-as-true rule, because the other evidence in the record generally supports the opinions of Drs. Arpaci and San Pedro.  In so doing, the Court need only address Plaintiff's second argument regarding the Arpaci and San Pedro opinions.

First, as discussed above, the ALJ failed to provide any valid reason, let alone legally

United States District Court
Northern District of California

7

sufficient ones, for discounting Drs. Arpaci and San Pedro's opinions, which requires that they be credited as true. *See* discussion Part III.A.i. Moreover, those opinions were generally consistent with the other evidence in the record and the ALJ's determination regarding Plaintiff's severe impairments. *See id.*

Second, "there are [no] outstanding issues that must be resolved before a disability determination can be made" and "further administrative proceedings would [not] be useful." *Garrison*, 759 F.3d at 1021. At the hearing, the VE testified that an individual who was off task 15% of the time or consistently missed two or more days per month would not be employable. AR 1635.

Third, "on the record taken as a whole, there is no doubt as to disability." *Garrison*, 759 F.3d at 1021. When credited as true, Drs. Arpaci and San Pedro's opinions strongly suggest that, during the relevant time period, Plaintiff would have had difficulty both maintaining regular attendance and completing a normal workday/workweek without interruptions due to her mental health impairments. AR 1083-84, 1346-48. The marked and extreme limitations opined by Dr. San Pedro mean that Plaintiff would be off task more than 15% of the workday and would miss two or more days per month, and the VE testified that either of those traits would make her unemployable. *See* AR 1348, 1635.

Carefully considering the record as a whole, the court has no "serious doubt" that Plaintiff was disabled during the relevant time period. *See Garrison*, 759 F.3d at 1021; *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled"). Accordingly, the Court exercises its discretion and credits the erroneously partially-credited evidence as true and remands this case for an immediate calculation and payment of benefits.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED, the Commissioner's cross-motion is DENIED, and the Commissioner's final decision that Plaintiff was not disabled between March 25, 2014 and December 31, 2019 is REVERSED and

8

REMANDED for an immediate calculation and award of benefits.

The Court will issue judgment separately.

IT IS SO ORDERED.

Dated: March 10, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

9